ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL[1]

| MUNICIPIO AUTÓNOMO DE GUAYNABO<br><br>PETICIONARIO<br><br>v.<br><br>ISLAND BUILDERS, CORP. Y ASEGURADORA X<br><br>RECURRIDOS | KLCE202500336 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.: BY2023CV02166<br><br>Sobre: Sentencia Declaratoria, Acción de nulidad de contrato y restitución, Cobro de Dinero y Daños y Perjuicio |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Marrero Guerrero, el Juez Campos Pérez y el Juez Sánchez Báez

Sánchez Báez, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 13 de junio de 2025.

Compareció el Municipio Autónomo de Guaynabo (en adelante, "Municipio de Guaynabo" o "peticionario"), mediante recurso de *Certiorari* presentado el 3 de abril de 2025. Nos solicitó la revocación de la *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Caguas (en adelante, "foro primario" o "foro recurrido"), el 19 de marzo de 2025 y notificada en igual fecha. En esa Resolución, el foro primario declaró no ha lugar la *Moción en Solicitud de Sentencia Sumaria* presentada por el Municipio de Guaynabo.

Por los fundamentos que expondremos a continuación, **se deniega la expedición** del auto de *Certiorari*.

-I-

---
[1] Mediante la Orden Administrativa DJ 2024-062C emitida el 6 de mayo de 2025, se enmendó la constitución de los paneles del Tribunal de Apelaciones.

El 24 de abril de 2023, el Municipio de Guaynabo presentó *Demanda* sobre sentencia declaratoria, acción de nulidad de contrato y restitución, cobro de dinero y daños y perjuicios contra Island Builders, Corp. (en adelante, "Island Builders" o "recurrida").[2] En síntesis, alegó que el Contrato 2020-000753 y sus enmiendas —suscrito entre Island Builders y el Municipio de Guaynabo— eran nulos *ab initio* por violentar las disposiciones legales siguientes: (i) el Artículo 8.016 de la derogada Ley Núm. 81-1991, según enmendada, conocida como "Ley de Municipios Autónomos de Puerto Rico", 21 LPRA sec. 4366 (en adelante, "Ley Núm. 81-1991"); (ii) el Artículo 2.014 de la Ley Núm. 107-2020, según enmendada, conocida como "Código Municipal de Puerto Rico", 21 LPRA sec. 7174; (iii) el Reglamento Núm. 8873 de 19 de diciembre de 2016, conocido como "Reglamento para la Administración Municipal de 2016"; y (iv) el Reglamento 33 de la Oficina del Contralor, conocido como "Reglamento de Contratos de la Oficina del Contralor del Estado Libre Asociado de Puerto Rico". Adujo, en particular, que el referido contrato fue acompañado con unas fianzas de pago y ejecución, las cuales fueron expedidas con fechas posteriores a la contratación. Por tal incumplimiento, solicitó la restitución de $1,705,429.77 y los intereses devengados hasta su pago total.

El 31 de julio de 2023, Island Builders presentó *Contestación a Demanda y Reconvención* alegó que entregó la documentación sobre pólizas y fianzas al Municipio de Guaynabo.[3] Señaló, además, que el Contrato 2020-000753 fue enmendado a los únicos efectos de añadir trabajos y compensaciones. Dado a que el referido contrato se firmó durante un toque de queda, alegó que le aplicaba la Carta Circular OC-20-20 de la Oficina del Contralor que dispone como sigue: "[...] en caso de que el contratista no tenga disponible

---

[2] Apéndice del recurrido, anejo I, págs. 1-59.
[3] *Íd.,* anejo XIII, págs. 93-102.

los documentos requeridos por ley para la formalización del contrato, deben proveer los mismos dentro de los 60 días de finalizado el Toque de Queda."[4]

En la reconvención, Island Builders expuso que ejecutó obras de mejoramiento en las calles del Municipio de Guaynabo en cumplimiento del Contrato 2020-00753, las cuales nunca tuvieron reparos. No obstante, alegó que el Municipio de Guaynabo se ha negado a pagar la cantidad de $485,383.14 por concepto de las obras realizadas. Por lo cual, solicitó que se le ordenara al Municipio de Guaynabo pagar la referida deuda junto con los intereses acumulados.

Por su parte, el 15 de agosto de 2023, el Municipio de Guaynabo instó su *Contestación a la Reconvención.*[5] Argumentó que Island Builders se obligó a realizar un contrato contrario a ley. Por ello, arguyó que el Municipio de Guaynabo no puede pagar un contrato que fue otorgado en contravención a la ley.

Luego de varios trámites procesales, el 13 de noviembre de 2024, el Municipio de Guaynabo presentó *Moción en Solicitud de Sentencia Sumaria.*[6] En síntesis, sostuvo que la Oficina de Auditoría Interna del Municipio de Guaynabo realizó una evaluación del Contrato 2020-000753 y sus enmiendas, y concluyó que los mismos incumplieron con los requisitos aplicables a la contratación municipal de obras y mejoras permanentes. Primero, señaló que en el expediente de contratación no se encontraban los documentos siguientes: (i) las pólizas de seguros de responsabilidad y cláusulas de "Hold Harmless"; (ii) las fianzas de pago y ejecución; (iii) la póliza de la Corporación del Fondo del Seguro de Estado. Segundo, sostuvo que las pólizas y fianzas identificadas en cláusula catorce del

---

[4] *Íd.,* págs. 94-95.
[5] *Íd.,* anejo XIV, págs. 103-105.
[6] *Íd.,* anejo XXII, págs. 151-197.

Contrato 2020-000753 correspondían a otro contratista para la realización de un proyecto distinto. Asimismo, argumentó que —en fechas distintas y posteriores a la fecha del Contrato 2020-000753— Island Builders adquirió a favor del Municipio de Guaynabo los documentos siguientes: (i) póliza de la corporación del fondo del seguro del estado; (ii) builders risk declaration; (iii) performance bond y (iv) bond garantee payment of salaries. Por lo cual, reiteró que, el Contrato 2020-00753 era nulo *ab initio* debido al incumplimiento con los requisitos de contratación exigidos por mandato legislativo.

De otra parte, el 13 de diciembre de 2024, Island Builders presentó su *Oposición a "Moción en Solicitud de Sentencia Sumaria"*.[7] Mediante la cual argumentó que hay hechos en controversia, que el Municipio de Guaynabo incumplió con los requisitos de la Regla 36.3(a)(4) de Procedimiento Civil, 32 LPRA Ap. V, y que el Municipio de Guaynabo anejó documentos no admisibles en evidencia por falta de autenticación.

En consecuencia, el 19 de diciembre de 2024, el Municipio de Guaynabo instó su *Réplica a Oposición a Moción en Solicitud de Sentencia Sumaria.*[8] No obstante, el foro primario emitió *Orden* el 26 de diciembre de 2024, notificada el 3 de enero de 2025, en la que dispuso como sigue: "MOCIONES SOMETIDAS, NO SE ACEPTAN D[Ú]PLICAS NI R[É]PLICAS".[9]

Así las cosas, el 19 de marzo de 2025, el foro primario emitió y notificó *Resolución* mediante la cual denegó la solicitud de sentencia sumaria.[10] Además, en cumplimiento con la normativa aplicable, esbozó una lista de los hechos incontrovertidos y los hechos en controversia, a saber:

---

[7] *Íd.,* anejo XXIV, págs. 199-220.
[8] *Íd.*, anejo XXVI, págs. 222-238.
[9] *Íd.,* anejo XXIX, pág. 241.
[10] *Íd.,* anejo XXXII, págs. 245-256.

**HECHOS SOBRE LOS CUALES NO EXISTE CONTROVERSIA**

[...]

3. El 5 de septiembre de 2019, la Junta de Subastas del Municipio celebró las subastas formales 20-F-031 y 20-F-033, con el propósito de realizar proyectos de mejoras en las carreteras municipales en los barrios Frailes y Río, respectivamente.

4. En la medida en que no se recibieron ofertas para las referidas subastas, la Junta de Subastas del Municipio las declaró desiertas.

5. El 1 de octubre de 2019, la Junta de Subastas del Municipio celebró las subastas formales 20-F-035 y 20-F-037, con el propósito de realizar proyectos de mejoras en las carreteras municipales en los barrios Frailes y Río, respectivamente.

6. En esta ocasión, la Junta de Subastas del Municipio también las declaró desiertas (descalificó a los licitadores) y ordenó someter este asunto a la Legislatura Municipal para proceder administrativamente con los trabajos.

7. El 3 de febrero de 2020, la Legislatura Municipal del Municipio aprobó la Resolución Número 34, Serie 2019-2020, mediante la cual autorizó al entonces alcalde del Municipio, Ángel Pérez Otero, o al funcionario que éste designara, a proceder administrativamente con los proyectos de mejoras en las carreteras municipales en los barrios Frailes y Río, respectivamente, "por haberse declarado desiertas las subastas celebradas para tal propósito."

8. De conformidad con la Resolución Número 34, Serie 2019-2020, el Municipio obtuvo cotizaciones de tres (3) compañías.

9. De conformidad con la Resolución Número 34, Serie 2019-2020, se recomendó la contratación de IBC para el proyecto "Improvements to Municipal Roads and Other Works at Rio Ward".

10. El 15 de abril de 2020, el Estado Libre Asociado de Puerto Rico adoptó la Carta Circular OC-20-20 – dirigida a, inclusive, los alcaldes – y dispu[s]o que "[e]n el caso de que el contratista no tenga disponible los documentos requeridos por ley para la formalización del contrato, deben proveer los mismos dentro de los 60 días de finalizado el Toque de Queda".

11. El 10 de junio de 2020, el Municipio e IBC suscribieron el Contrato Número 2020-000753 por la cantidad original de $871,751.60, para realizar el proyecto "Improvements To Municipal Roads And Other Works At Rio Ward".

12. El Contrato 2020-000753 fue enmendado el 25 de noviembre de 2020, mediante el Contrato 2020-000753

A, a los fines de añadir trabajos con sus correspondientes honorarios, por la cantidad de $400,000.00, aumentando así la cuantía del contrato a $1,271,751.60.

13. El Contrato 2020-000753 se enmendó nuevamente el 30 de marzo de 2021, mediante el Contrato 2020-000753 B para añadirle $625,000.00, para continuar con las labores contratadas, aumentando así la cuantía a $1,896,751.60.

14. Las partes otorgaron una nueva enmienda mediante el Contrato 2020- 000753 C, con el propósito de añadir trabajos con sus correspondientes honorarios, por la cantidad de $500,000.00, aumentando la cuantía a $2,396,751.60.

15. La Cláusula Veintisiete del Contrato 2020-000753 establece:

> VEINTISIETE: LA SEGUNDA PARTE reconoce que debe cumplir con todos los requisitos y aquellas condiciones establecidas en el presente contrato, las cuales son esenciales y de no ser correctas en todo o en parte, será causa suficiente para que EL MUNICIPIO deje sin efecto el mismo y LA SEGUNDA PARTE tendrá que reintegrar a EL MUNICIPIO toda suma de dinero recibida bajo este contrato.

**HECHOS EN CONTROVERSIA**

1. Si IBC adquirió o presentó al Municipio las pólizas de seguro y fianzas y, de haberlo hecho, la fecha en que ello ocurrió.

2. Si las pólizas de seguro y fianzas se encontraban en los expedientes de contratación del Municipio.

3. Si los números de las pólizas de seguros y fianzas incluidos en el contrato corresponden a IBC o a un contratista distinto.[11]

Inconforme con lo anteriormente resuelto, el 3 de abril de 2025, el Municipio de Guaynabo acudió ante este Tribunal mediante recurso de epígrafe en el cual señaló el error siguiente:

> ERRÓ EL TPI AL DECLARAR NO HA LUGAR LA MOCIÓN DE SENTENCIA SUMARIA POR "NO CONTA[R] CON TODOS LOS HECHOS PARA PRONUNCIAR[SE] SOBRE LAS CONTROVERSIAS QUE ESTE CASO IMPLICA".

Por su parte, el 21 de abril de 2025, la recurrida presentó su *Memorando en Oposición a la expedición del auto de Certiorari.*

---

[11] *Íd.,* págs. 247-249.

Con el beneficio de la comparecencia escrita de ambas partes, procedemos a exponer la normativa jurídica aplicable a la controversia ante nuestra consideración.

**-II-**

## A. Certiorari

El recurso de *Certiorari* es un mecanismo procesal que le permite a un tribunal de mayor jerarquía revisar las determinaciones del tribunal recurrido. *Rivera et al. v. Arcos Dorados et al,* 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 846-847 (2023). Distinto al recurso de apelación, el foro revisor tiene la facultad para expedir o denegar el recurso de C*ertiorari* de manera discrecional. *García v. Padró,* 165 DPR 324, 334 (2005). Sin embargo, tal discreción debe ejercerse de manera razonable, procurando siempre lograr una solución justiciera. *Torres González v. Zaragoza Meléndez,* supra, pág. 847.

En específico, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone los preceptos que regulan la expedición discrecional que ejerce el Tribunal de Apelaciones para revisar los dictámenes interlocutorios del Tribunal de Primera Instancia, a saber:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. *Íd.*

Luego de auscultar si el recurso discrecional cumple con las disposiciones de la Regla 52.1 de Procedimiento Civil, *supra,* este

tribunal intermedio procederá a evaluar el recurso a la luz de la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40. La referida regla establece los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *Certiorari*, como sigue:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> A.   Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B.   Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C.   Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D.   Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E.   Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F.   Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G.   Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. *Íd.*

Cabe precisar que nuestro Tribunal Supremo ha expresado que, de ordinario, el tribunal revisor sólo intervendrá con las facultades discrecionales de los foros primarios en circunstancias extremas y en donde se demuestre que éstos: (1) actuaron con prejuicio o parcialidad; (2) incurrieron en un craso abuso de discreción, o (3) se equivocaron en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. *Rivera et al. v. Arcos Dorados et al.,* supra, pág. 210; *Cruz Flores et al. v. Hosp. Ryder et al.,* 210 DPR 465, 497 (2022).

Por tanto, la denegatoria a expedir un recurso discrecional responde a la facultad de este tribunal intermedio para no intervenir a destiempo con el trámite pautado por el foro de instancia y no

implica la ausencia de error en el dictamen recurrido ni una adjudicación en los méritos. *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 98 (2008).

**B. Sentencia Sumaria**

Las Regla 36 de Procedimiento Civil de Puerto Rico, 32 LPRA Ap. V, R. 36, instituye el mecanismo de sentencia sumaria a nuestro ordenamiento jurídico. En particular, su función es permitir que cualquiera de las partes pueda mostrar, previo al juicio, que no existe una controversia material de hecho que deba ser dirimida en un juicio plenario; y que, por tanto, el tribunal está en posición de aquilatar esa evidencia para disponer del caso ante sí. 32 LPRA Ap. V, R. 36.1-36.2; *Rodríguez Méndez v. Laser Eye,* 195 DPR 769, 784-785 (2016).

En ese sentido, la parte promovente de la solicitud debe demostrar la inexistencia de una controversia de hecho material por medio de una moción fundamentada, mientras que la parte promovida debe mostrar que existe controversia de algún hecho material sobre la totalidad o parte de la causa de acción. *Rodríguez Méndez v. Laser Eye,* supra, pág. 785. Además, la parte promovida no puede descansar en meras afirmaciones contenidas en sus alegaciones ni tomar una actitud pasiva, sino que está obligada a presentar evidencia que demuestre la existencia de controversia sustancial de hechos. *Íd.* Sin embargo, ninguna de las partes puede enmendar sus alegaciones a través de la presentación de una sentencia sumaria o su oposición. *León Torres v. Rivera Lebrón,* 204 DPR 20, 47 (2020).

Así pues, para que el tribunal pueda adjudicar en los méritos una controversia de forma sumaria, es necesario que de las alegaciones, deposiciones, contestaciones a interrogatorios, admisiones, declaraciones juradas y cualquier otra evidencia ofrecida, surja que no hay controversia real sustancial en cuanto a

algún hecho esencial y pertinente y que, como cuestión de derecho, procede dictar sentencia sumaria a favor de la parte promovente. 32 LPRA Ap. V, R. 36.3(e).

En cuanto a los hechos esenciales y pertinentes, también conocidos como hechos materiales, son aquellos que pueden afectar el resultado de la reclamación de acuerdo con el derecho sustantivo aplicable. *Oriental Bank v. Caballero García*, 212 DPR 671, 679 (2023). Por lo tanto, el tribunal solo podrá dictar sentencia sumaria en los casos en los cuales tenga ante su consideración todos los hechos materiales para resolver la controversia y surja claramente que la parte promovida por el recurso no prevalecerá. *Íd.*

Conviene destacar que el Tribunal Supremo ha dispuesto que, el foro apelativo se encuentra en igual posición que el Tribunal de Primera Instancia para evaluar la procedencia de una solicitud de sentencia sumaria. *Rivera Matos et al. v. Triple-S et al.*, 204 DPR 1010, 1025 (2020). *Meléndez González et al. v M. Cuebas*, 193 DPR 100, 115 (2015). Además, el Alto Foro estableció el estándar específico de revisión que debe utilizar el Tribunal de Apelaciones, a saber: (1) examinar de *novo* el expediente, de la manera más favorable a favor de la parte promovida, y aplicar las disposiciones de la Regla 36 de Procedimiento Civil, *supra* como su jurisprudencia interpretativa; (2) revisar que la moción de sentencia sumaria y su oposición cumplan con los requisitos de forma codificada en la Regla 36.4 de Procedimiento Civil, *supra;* (3) revisar si en realidad existen hechos materiales en controversia y, de haberlos, exponer concretamente los hechos materiales controvertidos e incontrovertidos; y (4) de encontrar que los hechos materiales realmente son incontrovertidos, debe proceder a revisar *de novo* si el foro primario aplicó correctamente el derecho a la controversia. *Meléndez González et al. v M. Cuebas,* supra, págs. 117-119. Además, el foro apelativo en su revisión está limitado a lo siguiente:

*[P]rimero*, sólo puede considerar los documentos que se presentaron ante el foro de primera instancia. Las partes no pueden añadir en apelación *exhibit*[*s*], deposiciones o affidávit[s] que no fueron presentados oportunamente en el foro de primera instancia, ni pueden esbozar teorías nuevas o esgrimir asuntos nuevos por primera vez ante el foro apelativo. *Segundo*, el tribunal apelativo sólo puede determinar si existe o no alguna controversia genuina de hechos materiales y esenciales, y si el derecho se aplicó de forma correcta. No puede adjudicar los hechos materiales y esenciales en disputa. Esa tarea le corresponde al foro de primera instancia. *Íd.,* pág. 114-115.

Discutido el derecho aplicable, este Tribunal se encuentra en posición para resolver las controversias señaladas en el recurso de epígrafe.

**-III-**

En el presente caso, el peticionario argumentó que el foro primario incidió al denegar la *Moción en Solicitud de Sentencia Sumaria*, toda vez que la evidencia documental anejada a la referida solicitud estableció la inexistencia de controversias sobre hechos materiales. Particularmente, arguyó que Island Builders incumplió con el Artículo 8.016(c)(1 y 2) de la derogada Ley Núm. 81-1981, *supra*, al adquirir las pólizas y fianzas requeridas para el Contrato 2020-000753 en fechas posteriores a su otorgación y que ello quedó incontrovertido con los Exhibit 3, 6, y 5 de la referida solicitud de sentencia sumaria. Además, indicó que tales pólizas y fianzas no fueron expedidas a nombre de Island Builders, sino a un contratista distinto, lo cual quedó incontrovertido con el Exhibit 2a, 2b y 2c de la mencionada solicitud de sentencia sumaria. Por lo cual, señaló que la determinación del foro primario obligó al Municipio de Guaynabo a someterse innecesariamente a un juicio en su fondo.

De otro lado, la recurrida alegó que la *Resolución* recurrida se ajusta plenamente a derecho debido a que la *Moción en Solicitud de Sentencia Sumaria* incumplió con los requisitos de la Regla 36.6 de Procedimiento Civil, *supra*. Arguyó que el Municipio de Guaynabo anejó documentos en la referida solicitud que son inadmisibles en evidencia, a saber: los Exhibits 2a, 2b, 2c, 3, 4, 5 y 6. Razón por la

cual, sostuvo que el foro primario estaba impedido de considerar los mencionados anejos para emitir determinaciones de hechos y conclusiones de derecho a base de su contenido.

Ante esto, puntualizamos que en la medida en que el recurso de epígrafe versa sobre la denegatoria de una moción de carácter dispositivo tenemos facultad en ley para atenderlo, a tenor con la Regla 52.1 de Procedimiento Civil, *supra.* Veamos.

Tal cual nos es exigido, nos corresponde revisar *de novo* la *Moción en Solicitud de Sentencia Sumaria* interpuesta por el Municipio de Guaynabo y la oposición de Island Builders. Lo anterior, a los efectos de precisar si las partes cumplieron con los requisitos de forma que exige la Regla 36 de Procedimiento Civil, *supra.*

Realizado el análisis de rigor, concluimos que, el Municipio de Guaynabo no dio cumplimiento a los requisitos de forma establecidos por nuestras reglas. Alcanzamos tal conclusión al observar que, en su solicitud de sentencia sumaria, aunque incluyó una relación enumerada de los hechos sobre los cuales alegó no existía controversia sustancial, el peticionario no estableció una correlación entre tales hechos con aquella evidencia que sometió en su apoyo. Esto es, no indicó los párrafos y las páginas precisas de la documentación que anejó para apoyar su postura, incumpliendo así con la Regla 36.3(a)(4) de Procedimiento Civil, *supra.* En cambio, la recurrida presentó su oposición a la solicitud de sentencia sumaria en la cual mostró su posición sobre cada hecho propuesto por el Municipio de Guaynabo como exigen nuestras reglas.

Además, de la *Resolución* recurrida se desprende que, el foro primario analizó las posturas de ambas partes, en conjunto con los documentos que forman parte del expediente ante sí. Nótese que, el foro primario dispuso como sigue:

> [...] razonamos que en estos momentos no contamos con todos los hechos para pronunciarnos sobre las controversias que este caso implica. Estas versan, incluso, en torno a contratos que gozan de una presunción de validez. Así, y conforme esbozamos previamente, existen controversias de hechos que impiden que se dicte sentencia sumaria. Por tanto, determinamos que en esta etapa de los procedimientos no procede la moción de sentencia sumaria presentada por el Municipio. Ordenamos la continuación de los procedimientos para dilucidación en los méritos de los asuntos que hemos resuelto se encuentran en controversia, así como del reclamo presentado por vía de Reconvención por IBC.[12]

En particular, el foro primario identificó que existe controversia en cuanto a las pólizas de seguro y fianzas del Contrato 2020-000753, a saber: (i) si estas fueron adquiridas o presentadas por Island Builders y en qué fechas, (ii) si estas fueron expedidas a nombre de Island Builders o de un contratista distinto, (iii) si estas forman parte del expediente de contratación del Municipio de Guaynabo. En consideración a ello, ordenó la continuación de los procedimientos.

Así pues, tras examinar con detenimiento el recurso de epígrafe, colegimos que no encontramos que el foro primario haya errado en la aplicación de la norma jurídica pertinente, de manera tal, que nos sea forzoso revocarle. Añádase a ello que, colegimos que el peticionario falló en establecer que, al denegar *Moción en Solicitud de Sentencia Sumaria,* el foro primario incurrió en pasión, perjuicio, parcialidad o error manifiesto. Análogamente, el peticionario no nos ha puesto en posición para determinar que el foro primario se apartó de los parámetros de razonabilidad al denegar la solicitud sumaria del pleito. Por tanto, no existe criterio jurídico que amerite nuestra intervención con lo resuelto por el foro primario. Además, destacamos que no se configura ninguna de las circunstancias que justifican la expedición del auto bajo los fundamentos de la Regla 40 de nuestro Reglamento. En fin, no encontramos razones para expedir el auto y revisar la resolución recurrida.

---

[12] Apéndice del recurrente, anejo XXXII, pág. 256.

No obstante, aclaramos que la presente *Resolución* no debe entenderse como una adjudicación en los méritos. Meramente dictaminamos que no se reúnen los criterios necesarios a los fines de que ejerzamos nuestra facultad revisora en esta etapa de los procedimientos, sino que amerita la continuación de los procedimientos para la celebración del juicio en su fondo. Una vez esto sea cumplido, la parte adversamente afectada podrá, de así entenderlo pertinente, presentar un recurso de apelación conforme a su debido proceso de ley y, este Tribunal estará en posición de ejercer su revisión adecuadamente.

### -IV-

Por los fundamentos previamente expuestos, **se deniega expedir** el auto de *Certiorari.*

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones